# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| RUDOLF FRANKENREITER, Individually and on Behalf of All Others Similarly Situated, | Case No.: 19-cv-724 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| OLIPHANT FINANCIAL LLC, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Rudolf Frankenreiter is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Defendant Oliphant Financial, LLC ("Oliphant") is a foreign limited liability company with its primary offices located at 1800 2nd Street Suite 603, Sarasota, Florida 34236.

6. Oliphant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Oliphant is engaged in the business of collecting debts originally owed to others and incurred for personal, family, or household purposes.

8. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

9. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g., Barbato v. Greystone All., LLC*, 916 F.3d 260, 265 (3d Cir. 2019); *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017); *McMahon v. LVNV Funding, LLC*, 2018 U.S. Dist. LEXIS 41984, at *32-38 (N.D. Ill. Mar. 14, 2018); *Torres v. LVNV Funding, LLC*, 2018 U.S. Dist. LEXIS 49885, at *12-15 (Mar. 27, 2018).

10. Upon information and belief, Defendant's sole purpose and revenue source is the collection of consumer debts. *See, e.g., Barbato*, 916 F.3d at 265; *Valenta v. Midland Funding, LLC*, No. 17-cv-6609, 2019 U.S. Dist. LEXIS 53902, at *6-7 (N.D. Ill. Mar. 29, 2019).

11. Oliphant's website states:

> **An Industry Pioneer**
>
> As one of the original debt purchasing organizations in the United States, Oliphant Financial, LLC. (Oliphant) has helped to shape and lead an industry that has emerged as a prevalent venue for the ARM needs of many types of creditors.
>
> Founded in 1992, Oliphant has grown to match the needs of an ever expanding debt industry. To match those needs, Oliphant has diversified its corporate purpose to include varying sectors of the debt industry, including: debt buying/selling, debt servicing, and legal/agency outsourcing.
>
> As a result of the pioneering efforts Oliphant took in the creation of the debt buying marketplace, and its continuing involvement today, OLIPHANT is well respected within the industry. By utilizing internal and outsourcing resources, Oliphant is well positioned to sustain its growth while weathering the normal cyclical nature of the industry.
>
> OLIPHANT strives to maximize revenue while minimizing risk. By adhering to a corporate philosophy that emphasizes strict adherence to all applicable federal, state and local statutes, ordinances and regulations, Oliphant cements itself as a valuable member of the debt buying industry. Oliphant perceives itself as an industry leader with regards to the ethical and legal application of debt servicing.

http://www.oliphantfinancial.com/Company (accessed: April 9, 2019).

12. Oliphant is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

13. On or about March 1, 2019, Defendant mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this Complaint as Exhibit A.

14. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a consumer credit account, which was used only for personal, family, or household purposes.

15. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

16. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

17. Exhibit A contains confusing and misleading representations about the name of the creditor and the character of the debt.

18. The header in Exhibit A contains the following:

| Date | 03/01/2019 |
|---|---|
| Balance | $1,034.53 |
| Current Creditor | Oliphant Financial, LLC |
| Oliphant Account# | ▓0110 |
| Original Creditor | Barclays Bank Delaware |
| Original Creditor Acct# | 5.14888E+15 |

Exhibit A.

19. The first paragraph of Exhibit A states:

> Oliphant Financial, LLC, as the current creditor of your Barclays Bank Delaware, Product (which was facilitated by CreditShop, LLC). Oliphant Financial, LLC, has the ability and desire to present you with a variety of options to satisfy the outstanding balance due.

Exhibit A.

20. The header in Exhibit A states that the "Original Creditor" is "Barclays Bank Delaware" ("Barclays") and the "Current Creditor" is Oliphant.

21. The first sentence in the body of Exhibit A is a confusing sentence fragment.

22. The first sentence in the body of Exhibit A confusingly refers to the debt as a "Barclays Bank Delaware, Product (which was facilitated by Creditshop, LLC)."

23. The unsophisticated consumer would be confused about the reference to a Barclays "Product" and would be further confused by the representation that the "Product" was "facilitated" by "Creditshop, LLC."

24. The representation gives the appearance that Barclays or "Creditshop, LLC" has some interest in the debt and may be a creditor. *See, e.g., Taylor v. Alltran Fin.*, No. 18-cv-306, 2018 U.S. Dist. LEXIS 159862, at *7 (S.D. Ind. Sept. 19, 2018); *see also, Braatz v. Leading Edge Recovery Solutions, LLC*, No. 11-cv-3835, at *3-4 (N.D. Ill. Oct. 20, 2011).

25. In *Taylor*, the district court considered a letter with similar language to Exhibit A, and found that the letter did not clearly identify the name of the creditor to whom the debt was owed:

> Almost immediately after identifying LVNV as the 'Current Creditor,' the letter contradicts this by explaining that Alltran 'has been contracted' to collect on a judgment for Mr. Taylor's Springleaf account. An unsophisticated consumer receiving this letter may well be confused or concerned that two separate companies (LVNV and Springleaf) may be seeking to collect on a single debt. Mr. Taylor has therefore plausibly alleged that Defendants failed to clearly identify the creditor to whom the debt is owed, in violation of § 1692g(a)(2).

*Taylor*, 2018 U.S. Dist. LEXIS 159862, at *9-10 (citing *Braatz v. Leading Edge Recovery Solutions, LLC*, No. 11-cv-3835, 2011 U.S. Dist. LEXIS 123118, at *4 (N.D. Ill. Oct. 20, 2011)).

26. In *Braatz*, the district court held that a representation that the debt collector was attempting to collect a "delinquent Citibank account" for LVNV was confusing:

> In this case it is true that the notice explains that LVNV is the creditor. If that were the only statement regarding the identify of the creditor, the Court might indeed conclude that as a matter o flaw the dunning letter was not confusing. However, the notice also identifies the debt as belonging to Citibank. Thus the dunning letter identifies two creditors. This is an apparent contradiction that the debt collector fails to explain. An unsophisticated consumer might understand that LVNV had purchased the delinquent Citibank account. That is, however, but one plausible inference to be drawn from the letter. An unsophisticated consumer might just as reasonably conclude that [the debt] she believed to be a single debt was now owed to two separate companies (LVNV and Citibank). Such confusion might cause an unsophisticated consumer to be concerned about the possibility that she was being defrauded or that she might pay the incorrect creditor and continue to have outstanding debt.

*Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3-4.

27. If anything, Exhibit A is even more confusing than the letters in *Taylor* and *Braatz*. The respective letters in *Taylor* and *Braatz* identified the debts as being a "Springleaf account" and "Citibank account" but each letter also identified Springleaf and Citibank as the "original creditor." In contrast, Exhibit A references the debt as a "Product" owed to or "facilitated" by

5

"Creditshop, LLC." The unsophisticated consumer would be confused by the reference to a "Barclays Bank Delaware, Product," and would further have no idea what "facilitated by Creditshop, LLC" meant in this context, especially because <u>Exhibit A</u> does not identify "Creditshop, LLC" in the header.

28. <u>Exhibit A</u> also states:

> THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

<u>Exhibit A</u>.

29. In light of the confusing references to Barclays and "Creditshop, LLC," the representation that Oliphant is a "debt collector" creates added confusion because consumers generally understand that a "debt collector" services debts on behalf of some other entity. *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007) ("This language arguably suggests that the letter is being sent by an agent for the creditor—specially retained for the purpose of collecting the debt—as opposed to the creditor."); *see also, e.g., Dokes v. Ltd. Fin. Servs. L.P.*, 328 F. Supp. 3d 1270, 1286-87 (N.D. Ala. 2018).

30. The Seventh Circuit recently held that a debt collector must *clearly* identify the current creditor of the debt:

> If the validation notice required under § 1692g(a)(2) does not identify the current creditor clearly and accurately, the law has been violated. A plaintiff need not offer additional evidence of confusion or materiality to prove the violation.

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016).

31. "*Clear* identification of the current creditor serves the important purpose of helping unsophisticated consumers avoid fraud and the potential for double payments." *Taylor*, 2018 U.S.

Dist. LEXIS 159862, at *5-6 (S.D. Ind. Sept. 19, 2018) (citing *Janetos*, 825 F.3d at 319 and *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *4).

32. For this reason, courts hold that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis. Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416, 2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal*, 2013 U.S. Dist. LEXIS 105355, at *12-13; *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3; *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July 25, 2016); *Datiz v. Int'l Recovery Assocs.*, No. 15-cv-3549, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. July 27, 2018), *adopted by,* 2018 U.S. Dist. LEXIS 163290 (E.D.N.Y. Sept. 24, 2018); *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *7-11.

33. Moreover, the header in <u>Exhibit A</u> confusingly states that the "Original Creditor Acct#" is "5.14888E+15."

34. Upon information and belief, the original creditor account number associated with the debt is not actually 5.14888E+15.

35. Original creditors like Barclays generally provide account numbers that consist of numerals only, and 5.14888E+15 is not in the form of an account number that is regularly used by Barclays or any other original creditor.

36. The unsophisticated consumer would be further confused and misled by the reference to an account number that is apparently inconsistent with the form of a typical account number.

37. Alongside the confusing and misleading sentence fragments and references to Barclays and "Creditshop, LLC," the confusing and misleading account number would suggest to the consumer that Oliphant's letter is a scam. *See, Derosia v. Credit Corp. Sols.*, No. 17-cv-1671, 2018 U.S. Dist. LEXIS 50016, at *10 (E.D. Wis. Mar. 27, 2018) (finding confusing or misleading statement material even though the debt itself was legitimate because "[a] consumer sophisticated enough to do a little homework could be led to reach a conclusion (that the letter was a scam) that would have been wrong.")

38. Further, upon information and belief, any entity that discovered Plaintiff was issued a Mastercard credit card by Barclays (through either a public records search, credit report, or data breach) might be able to determine that the account would begin with the digits 514888 because this is a standard Bank Identification Number ("BIN") for Barclays-issued Mastercard credit cards.

39. Plaintiff was confused and misled by Exhibit A.

40. The unsophisticated consumer would be misled and confused by Exhibit A.

***The FDCPA***

41. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia*, 2018 U.S. Dist. LEXIS 50016, *12; *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678

*9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lanev. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this

reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

42. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

43. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

44. 15 U.S.C. § 1692e(2)(A) specifically prohibits "the character, amount, or legal status of any debt."

45. 15 U.S.C. § 1692e(10) specifically prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

46. 15 U.S.C. § 1692g(a) provides that:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(2) the name of the creditor to whom the debt is owed[.]

## COUNT I – FDCPA

47. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

48. Exhibit A contains confusing and misleading sentence fragments.

49. Exhibit A does not clearly identify the name of the current creditor.

50. Exhibit A contains confusing and misleading representations that suggest that Barclays and/or "Creditshop, LLC" have some interest in the debt.

51. Exhibit A misrepresents the consumer's account number.

52. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

## CLASS ALLEGATIONS

53. Plaintiff brings this action on behalf of a class, consisting of:

(a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the Complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) mailed between May 14, 2018 and May 14, 2019, inclusive, (e) that was not returned by the postal service.

54. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

55. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual Class members. The predominant common question is whether the Defendant complied with the FDCPA.

56. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

57. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

58. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

59. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 14, 2019

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com