IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Rudolph Frankenreiter,<br>Individually and on Behalf of All<br>Others Similarly Situated,<br>    Plaintiff<br><br>vs.<br><br>Oliphant Financial LLC and<br>Alpha Recovery Corporation,<br>    Defendants | Case No. 2:19-cv-00724-WED |

**JOINT MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

Rudolph Frankenreiter (hereinafter referred to as "Plaintiff") and Oliphant Financial LLC and Alpha Recovery Corporation (hereafter referred to as "Defendants") jointly move that the Court Preliminarily certify Plaintiff as class representative, certify Plaintiff's attorneys as class counsel, approve a proposed settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, and approve the attached class notice, and in support of such motion would respectfully show the following:

**1. NATURE OF THE CASE**

1.01. Plaintiff is an individual consumer who allegedly became delinquent on his consumer debt. Defendants are entities that attempted to collect such debt from Plaintiff. Plaintiff contends that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* by not clearly

1

identifying the name of the current creditor, and misrepresenting the account number of the alleged debt.

1.02. Defendants deny Plaintiff's allegations and assert that they have no liability under state or federal law to Plaintiff or the class he seeks to represent.

## 2. MOTION

2.01. Plaintiff moves the Court to certify a Rule 23(b)(3) class and to approve the settlement reflected in the Settlement Agreement filed herewith. Class members will be given notice of this action, of the proposed settlement, and of the opportunity object or opt out.

## 3. JOINT MOTION

3.01. Defendants join in the request for certification solely for settlement purposes. In the event that the settlement is not approved, Plaintiff stipulates that the certification order will be set aside and neither this motion nor the settlement agreement will in any way prejudice Defendants' right to contest certification on any legal or equitable grounds.

3.02. In light of, and subject to the approval of the settlement agreement attached hereto, Plaintiff and Defendants jointly move that the Court certify Plaintiff as class representative and Plaintiff's attorneys as class counsel.

3.03. Movants hereby stipulate that any failure of the Court to approve the settlement shall not operate as a waiver of the claims or defenses of any of the parties on the issue of certification at any such contested hearing.

3.04. Movants hereby stipulate that certification of the class is conditioned upon:

   a. the accuracy of the representations and warranties contained in the Settlement Agreement;

   b. the performance by the Movants of their respective obligations under the Settlement Agreement in all material respects prior to the Consummation Date (as defined in the Settlement Agreement);

   c. the entry of a final order releasing on behalf of Plaintiff and the Class, all of the Released Claims as defined in the Settlement Agreement;

   d. the receipt by the Movants of all documents reasonably required to implement the Settlement Agreement; and

   e. no other class actions being certified against Defendants asserting causes of action substantially identical to those asserted by Plaintiffs in the present case.

3.05. In the event that any one of the foregoing conditions is not met as required by the Settlement Agreement, Movants agree that upon motion to the Court, the Court will then decertify the class and take up the issue of certification as a contested matter.

## 4. NATURE OF SETTLEMENT

4.01. The parties have agreed in principle to a settlement of this suit on a class-wide basis. The essential terms of the settlement are set out in the

Settlement Agreement that is **_Exhibit A_** to this motion. The Settlement provides that the Court will certify Plaintiff as class representative and Plaintiff's attorneys as Class Counsel. The Settlement provides substantial benefits to the Class (as defined therein), which is a Class for settlement purposes only, and is fair, reasonable, and adequate in light of the relevant facts, the applicable law, and the potential value of the settlement to the Class.

4.02. Subject to the terms of the Settlement Agreement, Defendants agree to provide the following relief to Plaintiff and the Class:

A. Defendants shall pay to the Class $20,000.00, to be shared on a pro rata basis by those Class Members who timely return a claim form. Plaintiff is a class member and will be afforded the opportunity to submit a claim form. All distribution checks to the Class will expire after 120 days of issuance, and any undistributed funds represented by any uncashed checks will be distributed as a *cy pres* distribution to SecureFutures (fka Make a Difference – Wisconsin) for use in consumer representation and/or consumer education.

B. In addition to his payment as a member of the Class Defendants will also pay Plaintiff Rudolph Frankenreiter, in consideration of his service to the Class an additional $3,000.00.

C. Defendants shall bear the costs of printing and distributing the Class Notice and of distributing all payments provided for under the settlement.

4

D. Subject to approval of the Court Defendants shall pay in addition to the above the reasonable attorney's fees and expenses of Plaintiff's attorneys in an amount not to exceed $20,000.00.

4.03. Counsel for Plaintiff and Defendants represent to the Court that the proposed settlement was reached through extended, arms-length negotiations between the parties. Plaintiff's counsel represents to the Court that they are able and experienced attorneys who are qualified to evaluate the proposed Settlement Agreement on behalf of the Class Members. Plaintiff asserts, and Defendants do not dispute for settlement purposes only, that the Class meets the requirements for class certification under FED. R. CIV. P. 23.

4.04. A copy of the proposed Class Notice, which is to be mailed to each Class Member at the last known address as reflected in Defendants' records, is attached to the Settlement Agreement as **Exhibit C**. That notice is sufficient to inform Class Members regarding: (a) the formation of the Class; (b) the Class definition; (c) the terms of the proposed settlement; (d) the proposed award of attorney's fees and expenses to Class Counsel; (e) Class Members' right to object to or opt out of the proposed Settlement; (f) the time and date of the Final Fairness Hearing; and (g) Class Members' right to appear at the Final Fairness Hearing in favor of or in opposition to the proposed Settlement. The Class Notice is written in plain English in a manner reasonably calculated to allow class members to evaluate and decide whether to participate in the settlement. The Notice provides Class Members with sufficient information to make an informed decision to object to any aspect of the proposed Settlement.

4.05. At the final Fairness Hearing, Movants anticipate presenting a final order giving effect to the Settlement and dismissing without prejudice all claims of any purported class members who have been excluded from the class.

4.06. Upon confirmation of the settlement at the Final Fairness Hearing the final order will release Defendants of all liability to the Class for the Released Claims and will enjoin Class Members from pursuing or filing suit upon the Released Claims.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court:

1. preliminarily certify the Class for settlement purposes as set forth in the proposed Settlement Agreement;
2. order that Plaintiff may act as representative of the Class and that Plaintiff's attorney may act as counsel for the Class;
3. authorize the form and mailing of the Notice;
4. set a final hearing to determine whether the Settlement is fair, adequate, and reasonable;
5. at such hearing approve the Settlement and grant final judgment; and
6. excuse Defendants from answering pending determination of the fairness and adequacy of the proposed settlement.

Movants further pray for all such other and further relief, both at law and in equity, as to which they may be justly entitled.

Respectfully submitted,

/s/ Ben J. Slatky
Ben J Slatky
Email: bslatky@ademilaw.com

Jesse Fruchter
Email: jfruchter@ademilaw.com

Ademi & O'Reilly LLP
3620 E Layton Ave
Cudahy, WI 53110
414-482-8000
Fax: 414-482-8001
ATTORNEYS FOR PLAINTIFF

/s/ Manuel H. Newburger
Manuel H. Newburger
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, TX 78731
(512) 649-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing Motion has been served on Defendants' attorney below through the Court's ECF system, on this 8th day of June, 2020.

/s/ Ben J. Slatky
Ben J. Slatky
Email: bslatky@ademilaw.com
Ademi & O'Reilly LLP
3620 E Layton Ave
Cudahy, WI 53110
414-482-8000
Fax: 414-482-8001
ATTORNEYS FOR PLAINTIFF

SERVICE LIST:

Manuel H. Newburger
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, TX 78731
(512) 649-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

ATTORNEY FOR DEFENDANTS