IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**Rudolph Frankenreiter, Individually
and on Behalf of All Others Similarly
Situated,**
    Plaintiff

vs.                                                                     Case No. 19-cv-724

**Oliphant Financial LLC and
Alpha Recovery Corporation,**
    Defendants

## **FINAL ORDER**

On November 17, 2020, the above-captioned case came on for a Final Fairness Hearing on the proposed class action settlement.

In January, 2020, after arms-length negotiations Plaintiff and Defendants entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under FED. R. CIV. P. 23.

On June 8, 2020, the Parties filed the Agreement, together with their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

On or about June 10, 2020, within ten days of filing the proposed settlement with the Court, Defendants complied with the requirements of 28 U.S.C. § 1715.

On July 1, 2020, upon consideration of the Parties' Joint Motion for Certification

of Settlement Class and Preliminary Approval of Class Action Settlement Agreement, the Court entered an Order Certifying Class and Granting Preliminary Approval of Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Rudolph Frankenreiter as the Class Representative; (iv) appointed Ben J Slatky and Jesse Fruchter as Class Counsel for the Class Members; and (v) set the date and time of the Final Fairness Hearing.

On November 10, 2020, the Parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On November 17, 2020, a Final Fairness Hearing was held pursuant to FED. R. CIV. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the Settlement Class under FED. R. CIV. P. 23(b)(3) and final approval of the proposed class action settlement and approval of attorney fees and costs.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. <u>CLASS MEMBERS</u>. Pursuant to FED. R. CIV. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of all individuals in the United States who were sent a letter substantially similar to Exhibits A or B to Plaintiff's Amended Complaint in this case, in which: (a) the letter states "Oliphant Financial, LLC, as the current creditor of your Barclays Bank Delaware, Product (which was facilitated by CreditShop, LLC)" or (b) the letter contains an alleged account number that was converted to scientific notation format; or (c) the original account number stated by Defendant Oliphant is different than the original account number stated by Defendant Alpha.

3. Excluded from the Class are:
   a. any person who is already subject to an existing signed release that covers the claims raised in this lawsuit;
   b. any person who is deceased as of the date of preliminary certification;

    c.    any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the class period and who has not both disclosed his or her claim against Defendants and claimed an exemption for that asset; and

    d.    any class member who timely mails a request for exclusion.

4. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>. Pursuant to FED. R. CIV. P. 23, the Court finally certifies Plaintiff Rudolph Frankenreiter as the Class Representative and Ben J Slatky and Jesse Fruchter as Class Counsel for the Class Members.

5. <u>NOTICES</u>. Class action notices in the form approved by the Court were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of FED. R. CIV. P. 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to provide the Class Members with the best practicable notice of their rights.

6. <u>FINAL CLASS CERTIFICATION</u>. The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely:

    a.    the Class is so numerous that joinder of all of them in the Lawsuit is impracticable;

b. there are questions of law and fact common to the Class which predominate over any individual questions;

c. the claims of the Plaintiff are typical of the claims of the Class;

d. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendants' alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; and the likely difficulty of proving damages for Plaintiff and the Class.

8. <u>SETTLEMENT TERMS</u>. The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and

provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement include, but are not limited to, the following:

    a.    Defendants shall pay Plaintiff the total sum of $3,000 in compensation for both his individual claim and his service as Class Representative;

    b.    Defendants shall pay the total sum of $20,000.00 to the Class, to be distributed pro-rata among all class members who did not opt out of the Class and who submitted timely fully executed claim forms.

    c.    Defendants shall pay Class Counsel a total of $20,000.00 in attorneys' fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended.

11.    <u>OBJECTIONS AND EXCLUSIONS</u>.  The Class Members were given a fair and reasonable opportunity to object to the settlement.  No Class Member objected to the settlement.  The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order.  There is one such person, and she is Carolyn Barker of Hunlock Creek, Pennsylvania.

12.    This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class.

13.    <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>.  The individual and class Releases set forth in the Agreement are hereby approved and given full force

and effect. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

14. Plaintiff, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

15. With the exception of the foregoing injunction all other claims in this Action are hereby dismissed with prejudice.

16. This Order, the attached Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

SO ORDERED.

Dated at Milwaukee, Wisconsin this 17th day of November, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge